EAMES v. MILLER.

PARTNERSHIP—ACCOUNTING—REVIEW ON APPEAL.

Upon an appeal in a partnership accounting case, it appearing that the accounting made by the court below was full and fair as between the parties, the decree was affirmed.

Appeal from Kalamazoo; Buck, J. Submitted January 17, 1896. Decided February 26, 1896.

Bill by Charles B. Eames against George W. Miller, Horace G. Haines, George S. Foster, Gardner T. Eames, and others, for a partnership accounting. Complainant appeals. Affirmed.

*Edwards & Stewart*, for complainant.

*Boudeman & Adams*, for defendants Miller and Haines.

LONG, C. J. This bill is filed for the dissolution of a partnership called the Eames Pulley Company, and for an accounting between the partners. In October, 1889, the complainant, who resides at St. Louis, Mo., and his brother, defendant Gardner T. Eames, residing at Kalamazoo, this State, were interested in certain letters patent for the making of wood split pulleys. They had theretofore been engaged in making pulleys under said patents at Racine, Wis., and had a half interest in that business, which was carried on by Stecher, Webber & Huetton. That business, apparently, had failed, and all there was left of it was certain machinery, engines, boiler, and other fixtures. Complainant and his brother also had certain other property at Kalamazoo, but which was largely incumbered. Defendant Foster resided at St. Louis, Mo. Through him, defendants Miller and Haines, who resided at Kalamazoo, became acquainted with the complainant and his brother, Gardner T. Eames, and an arrangement was

made by which it was agreed to form a partnership called the Eames Pulley Company. Articles of copartnership were drawn and signed by the parties, complainant and his brother, Miller, Haines, and Foster, each owning two-ninths interest, except the complainant, who owned one-ninth. By the copartnership agreement, complainant and his brother were to assign to the copartnership all their title and interest in the patents upon the pulleys, and to transfer to Miller, Haines, and Foster their interest in the property at Racine, Wis., and at Kalamazoo, and Miller, Haines, and Foster were to furnish the moneys to purchase from Stecher, Webber & Huetton their interest in the Racine property at the sum of $2,200, and to pay the debts of Eames Bros., contracted in the Kalamazoo factory and for the property and machinery placed therein, amounting to $4,300. Foster was to be president of the company, Miller vice president and general manager, Haines secretary and treasurer, and Gardner T. Eames superintendent of the works. It was further agreed in the articles that Gardner T. Eames, as superintendent, was to give his entire time to the business, under the direction of the general manager, and for his services was to receive $1,200 per year, payable weekly; but it was further provided that, if his services were not satisfactory to the majority of the copartnership, he was, at their request, to resign his position. Eames Bros. were to pay nothing into the business, except as before stated. These articles of copartnership were dated October 11, 1889, and the copartnership commenced and dated from November 11, 1889. The machinery was brought from Racine, and Gardner T. Eames, as superintendent, commenced work in placing the machinery in position, getting ready for business, etc. Miller and Haines, becoming dissatisfied with his management after the lapse of a few months,—Foster joining with them,—requested Gardner T. Eames to resign his position, which he did; and Miller then took charge, and carried on the business a few months longer, when it was closed down. In the

meantime Miller and Haines had advanced moneys, over and above the amount stipulated to be paid above, to carry on the business. The debts of the concern had, in the meantime, run up to about $5,000, and to secure these Miller and Haines had given security upon the company property to the defendant the First National Bank of Kalamazoo.

Upon the filing of this bill, defendants answered; and Miller and Haines claim, by their answer,—and they gave testimony on the hearing tending to substantiate the claim, —that they were induced to enter into the copartnership by Eames Bros. upon the representation that Gardner T. Eames was a good mechanic, and would make a first-class superintendent of the shop; that the pulleys had proved satisfactory, and large numbers had been sold at Racine, which had given good satisfaction; that they had also sold a great many pulleys in the East, and that 33 per cent. profit could be made; also, that the shop would have a capacity of 75 pulleys per day after it got to running, and that Gardner T. Eames would have the shop running in six or seven days after the machinery was received from Racine. They gave testimony, upon the hearing, showing, further, that but few pulleys had been sold at Racine; that of the car load shipped east only $79 had been paid thereon, and the balance refused; that they had not given satisfaction; and that they were too expensive to make to meet the demands of the trade with any profit. They further showed that, within 10 weeks after the company organized, it became, under Gardner T. Eames' management, largely indebted, and that no product of consequence was turned out.

After the filing of the bill, a receiver was appointed, who took possession of the property, and, under the direction of the court, sold the same at public auction. The moneys arising from the sale were paid, by order of the court, over to the First National Bank of Kalamazoo, to pay the indebtedness of the company. No appeal was taken from that order. Upon the final hearing, after the

proofs were taken, the court made a decree dissolving the copartnership, in accordance with the prayer of the bill; and the court found that there was due from the complainant to Miller and Haines the sum of $356.51, and that there was due from defendant Gardner T. Eames to Miller and Haines the sum of $713.02. The costs of the proceedings were awarded to Miller and Haines against the complainant. Defendant Foster's interest in the matter had been settled amicably between himself and Miller and Haines before the entry of the decree. Complainant appeals from the decree.

We have examined the testimony with care, and are satisfied that the decree was correct. The accounting made by the court was full and fair as between the parties, and it would not profit anyone to set out in detail further of the facts. It was purely a question of fact, and we think the decree abundantly supported by the evidence.

The decree will be affirmed, with costs, to be taxed in favor of defendants Miller and Haines.

The other Justices concurred.